IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL FRANK LANGE, | No. CIV 05-0146-PHX-JWS (BPV) |
| Petitioner, | **REPORT & RECOMMENDATION** |
| vs. | |
| JUDY L. FRIGO, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Named as Respondent in the Petition is Judy L. Frigo. The Attorney General of the State of Arizona is named as an additional Respondent. Respondents filed an Answer ("Answer") to the Petition on May 31, 2005, with exhibits A through T attached.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the Petition.

**PROCEDURAL BACKGROUND**

*Trial court proceedings*

Petitioner, Michael Frank Lange, was indicted on March 10, 2000, for three counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children, and one count of sexual abuse, a class 5 felony. (Answer, Ex. A)

The count of sexual abuse was dismissed on May 26, 2000. (Answer, Ex. B) Defendant filed a motion to suppress a taped telephone conversation between Petitioner and his brother, Paul Lange, on December 31, 1999. (Answer, Ex. C) Petitioner argued that the taped telephone conversation was improperly obtained without a judicial order. (Id.) Following an evidentiary hearing, the trial court denied the motion, finding that Petitioner's brother consented to the recording of the telephone call. (Answer, Ex. D)

The case proceeded to trial before a jury in January, 2001. At the close of the State's case, the trial court granted the State's motion to dismiss Count 3, with prejudice, for lack of factual basis. (Answer, Ex. P, p. 140-41.) The jury convicted Petitioner on Counts 1 and 2. (Answer, Ex. R, p. 3-4) The trial court imposed mandatory consecutive mitigated sentences of 13 years imprisonment on each count. (Answer, Ex. S, at 11)

*State Appellate Court Proceedings*

Petitioner appealed his conviction, raising two issues before the Arizona Court of Appeals : (1) The court erred in allowing the state to present evidence of uncharged acts, and (2) The court erred in permitting the introduction of evidence resulting from an illegally recorded call. (Answer, Ex. E) The court of appeals issued a memorandum opinion on April 16, 2002, affirming the conviction and sentences, finding "no evidence of coercion, undue pressure, threat or improper inducement on the part of law enforcement officer, or any other representatives of the state. The only evidence of pressure placed on brother was through his own personal considerations and through the actions of his wife." (Answer, Ex. F, p.6-7)

No petition for review was filed with the Arizona Supreme Court, and the court of appeals issued its order and mandate on June 18, 2002. (Answer, Ex. G)

*Petition for Post-Conviction Relief*

Petitioner filed a notice of petition for post-conviction relief in state court on July 9, 2002. (Answer, Ex. H) Petitioner filed his petition for post-conviction relief in state court on April 1, 2003 raising two issues: (1) The denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding; and (2) An unlawfully

induced plea of guilty or no contest. (Answer, Ex. I) Petitioner requested appointment of counsel, and appointed counsel submitted a notice of completion of post-conviction review by counsel and a request for extension of time to allow defendant to file pro per petition for post-conviction relief. (Answer, Ex. I, J) The trial court granted the request, allowing petitioner until April 14, 2003 to file his petition. (Answer, Ex. K)

On July 28, 2003, Petitioner filed a motion for enlargement of time to file an amended Rule 32 petition and an amended petition raising the claim that the reasonable doubt instruction given at his trial was constitutionally flawed and arguing that trial counsel was ineffective. (Answer, Ex. L)

On January 14, 2004, the trial court denied Petitioner's petition for post-conviction relief filed on April 1, 2003, noting that Petitioner's motion for enlargement of time along with the amended petition had been previously denied. (Answer, Ex. M) Respondents assert that no petition for review was sought. (Answer, p.3)

*Petition for Federal Habeas Corpus*

On January 13, 2005, Petitioner filed a Petition for Writ of Habeas Corpus raising the single claim that the trial court's denial of Petitioner's motion to suppress the audio-taped confrontation call and the appellate court's affirmation of that decision were in violation of federal law. Attached to the Petition is the transcript of the evidentiary hearing before the trial court on July 7, 2000. Respondents filed an Answer on May 31, 2005, with exhibits A-T attached.

## DISCUSSION

### Standard of Review

The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The District Courts's standard of review is described as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1).

### Exhaustion

An application for writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in the courts of the State, there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1).  This requirement of exhaustion is designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971).

Generally, there are two methods by which a petitioner may satisfy the exhaustion requirement.  First, a petitioner may actually exhaust his claims by providing the state court with an opportunity to review the facts and legal theories in a procedurally appropriate manner.  In order to actually exhaust his or her claims, a petitioner must fairly present the

federal claims to the state courts; this means that a petitioner is required to present the state courts with the same claim he urges upon the federal courts. *Id*, 404 U.S. at 275-276, 92 S.Ct. at 512. A state court must be alerted to the fact that a petitioner is asserting a claim under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888 (1995). It is not enough to present the state court with only the facts necessary to state a claim for relief, nor to make a general appeal to a constitutional guarantee as broad as due process. *Gray v. Netherland*, 518 U.S. 152, 163, 117 S.Ct. 2074, 2081 (1996). Mere similarity between claims of state and federal error is also insufficient to establish exhaustion. *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (citing *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999)). A petitioner must make the federal basis of a claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir.2001) (quoting *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999)). In Arizona, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

A second form of exhaustion, "technical exhaustion" can be demonstrated by showing either that a state court found a claim defaulted on procedural grounds, or, if the claim was never presented in any forum, that no state remedies remain available to the petitioner.

If a claim has not been "fairly presented" in the state courts, but state procedural rules bar the petitioner from seeking relief on that claim, the exhaustion requirement is excused. *Gray v. Netherland*, 518 U.S. 152, 161, 116 S.Ct. 2074 (1996). However, in such cases, the petitioner's claim is said to be procedurally defaulted. *Colemen v. Thompson*, 501 US 722, 111 S.Ct. 2546 (1991). When a claim is procedurally defaulted, a federal court will not consider the claim on the merits unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure

to consider the claims will result in a fundamental miscarriage of justice. *Id.* If a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available[1]. *See Harris v. Reed*, 489 U.S. 255, 269-70 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99.

Rule 32.1 of the Arizona Rules of Criminal Procedure allows a defendant to seek post-conviction relief on the ground that his conviction was in violation of the Constitution of the United States. Ariz. R. Crim. P. 32.1(a). Arizona Rule of Criminal Procedure 32, however, governs when a petitioner may seek relief in post-conviction proceedings and raise federal constitutional challenges to their convictions or sentences in state court. Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims which fall under sub-sections (d) through (h) of Rule 32.1, and which were justifiably omitted from a prior petition.

Furthermore, Rule 32.4 (a) requires that a petition for post-conviction relief must be filed within 90 days of the entry of judgment and sentence or 30 days after the issuance of the order and mandate in the direct appeal, whichever is the later. See Ariz. R. Crim. P. 32.4(a). Again, the exceptions to this requirement are claims asserted under subsections (d) through (h) of Rule 32.1. Ariz. R. Crim. P. 32.4(a).

Thus, in situations where a petitioner might otherwise attempt to revive an unexhausted federal claim in state court, and the state court might invoke the procedural bars of Rule 32.2 and 32.4(a), Arizona Rules of Criminal Procedure, in rejecting such an attempt, there is an adequate and independent state ground barring Petitioner from raising these claims

---

[1] Although the Ninth Circuit has recently suggested that under Rule 32.2(a)(3), there are exceptions to the rule that a District Court can make such a determination for claims which require a knowing, voluntary, and intelligent waiver, *see Cassett*, v. *Stewart*, 406 F.3d 614, (9th Cir. 2005), this Court does not address such waiver because it has not been affirmatively raised by the petitioner. *See Beaty v. Stewart*, 303 F.3d 975, 987 & n.5 (9th Cir. 2002).

in state court proceedings thereby creating a procedural default for purposes of federal habeas review.

## ANALYSIS

### Timeliness

Respondents do not contest the timeliness of the habeas petition. A review of the petition suggests that it is timely. Respondents concede that the petition is timely. This Court recommends that the District Court find that the Petition is timely filed.

### Exhaustion

Respondents argue that because Petitioner did not present the claim he raises in his habeas petition to the Arizona Supreme Court through the available procedure of a petition for review from the court of appeals memorandum decision rejecting the claim on direct appeal, the claim is not subject to habeas review under *Baldwin v. Reese*, 541 U.S. 27 (2004).

In *Baldwin*, which was a case appealed from the Ninth Circuit out of Oregon, the Supreme Court addressed the question of what constituted notice of the federal nature of a claim sufficient to satisfy the fair presentment requirement found in 28 U.S.C. § 2254(b)(1). In laying the groundwork for its decision, the Supreme Court states that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  541 U.S. at 29 (citations omitted). Similarly, in *Peterson*, the Ninth Circuit held that "[i]n a state like Oregon, where review in the highest court is discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly."  319 F.3d at 1156, citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Respondents seize on these general statements of the law of exhaustion and assert that they support a finding that *Swoopes*, at least insofar as it addresses the need for habeas petitioners to seek review in the highest state court, is no longer valid. However, an examination of the rationale employed in the *Swoopes* decision readily distinguishes that case from the general statements of law cited by the Respondents.

*Swoopes* was decided on remand to the Ninth Circuit for consideration in light of the Supreme Court's decision in the *O'Sullivan* case. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999)  In *Swoopes*, the Ninth Circuit, just like the *Baldwin* and *Peterson* courts did, began by reiterating the general rule stated in *O'Sullivan* that, "in order to satisfy the exhaustion requirement for federal habeas relief, state prisoners must file for discretionary review in a state supreme court when that review is part of ordinary appellate review." *Swoopes*, 196 F.3d at 1009, citing *O'Sullivan*, 526 U.S. at .  The court recognized, however, that the Supreme Court in *O'Sullivan* had "acknowledged an exception to the exhaustion requirement," by making it clear the "'the creation of a discretionary review system does not, *without more*, make review' in a state supreme court 'unavailable.'" *Swoopes*, 196 F.3d at 1009, quoting *O'Sullivan*, 526 U.S. at (emphasis added in *Swoopes*).  The Ninth Circuit proceeded to review Arizona's discretionary review system and found considerations that compelled a finding that, in other than capital cases, appeal to the Arizona Supreme Court was unnecessary.  Specifically, the court found that two Arizona cases, *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984), and *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989), made it clear that, "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes*, 196 Ariz. at 1010.  Thus, the court concluded, "post-conviction review before the Arizona Supreme Court is a remedy that is 'unavailable' within the meaning of *O'Sullivan*.  There is nothing in either *Baldwin* or *Peterson* that suggests, implicitly or explicitly, that this analysis is flawed or that holding has been overruled.

Also strongly suggestive of the continued vitality of *Swoopes* is that the Ninth Circuit continues to cite the case for the very proposition Respondents suggest was overruled. In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court stated as a matter of fact that "[i]n cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Id.* at 998 n. 3, quoting *Swoopes*, 196 Ariz. at 1010.  At least one other circuit has

also cited *Swoopes* for this proposition without questioning its continuing validity.  *See Lambert v. Blackwell,* 387 F.3d 210 (3rd Cir. 2004).  These considerations make clear that Respondents' argument that the reliability of the holding in *Swoopes* is questionable is incorrect.  The Magistrate Judge finds that the Petitioner properly exhausted the claim.

## Scope of Habeas Relief

Citing *Stone v. Powell*, 428 U.S 465, 481-82, 96 S.Ct. 3037 (1976), Respondents argue that a Fourth Amendment claim is not cognizable in federal habeas corpus proceedings if the state prisoner had a full and fair opportunity to litigate the claim in state court.  Respondents are correct; Petitioner's Fourth Amendment claims are barred by *Powell*.  The record establishes that Petitioner filed a pretrial motion to suppress the audiotape, the trial court conducted an extensive evidentiary hearing on the matter (Answer, Ex. N.), took the matter under advisement and later denied the motion in a written order.  Petitioner raised the issue to the court of appeals, and, in a memorandum decision, the court of appeals found no error from the denial of the motion to suppress.  Thus, Petitioner was clearly provided a full and fair opportunity to litigate his Fourth Amendment claims and therefore habeas relief on such claims should be denied.  *See Powell* at 489-90.  *See also Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

Petitioner also argues that taped calls by third parties to a suspect must meet federal and state wiretapping standards before admission, citing 18 U.S.C. § 2515 and § 2518 and A.R.S. § 13-3010, and § 13-3012(g).  Section 2515 of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("the federal wiretap statute") is essentially a codification of the exclusionary rule, providing that evidence derived from wiretaps made in violation of the wiretap statute shall not "be received in evidence in any trail..."  18 U.S.C. § 2515.

The Ninth Circuit has recognized that not in every instance will an asserted error of law prompt habeas relief.  *Lord v. Lambert*, 347 F.3d 1091, 1094 (9th Cir. 2003) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974).  Where the error is neither jurisdictional nor constitutional, the appropriate inquiry is whether the error is "a fundamental defect which

inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure," and whether the error "present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  *Lord*, 347 at 1094, quoting *Hill v. United States,* 368 U.S. 424, 428 (1962) (internal quotation marks omitted)(other citations omitted).

In the context of Title III, the Ninth Circuit in *Lord* found the Seventh Circuit's decision in *Hussong v. Warden*, 623 F.2d 1185 (7th Cir. 1980) instructive.  In *Hussong*, the Seventh Circuit distinguished between the scope of a judicially created exclusionary rule that might not be cognizable in a federal habeas claim pursuant to *Powell*, and a claim involving an exclusionary rule of congressional origin.  *See Hussong*, 623 F.2d at 1187.  The Seventh Circuit rejected the argument that because habeas review of the judicial rule was precluded in *Powell*, habeas review of the statutory rule (Title III) should be held similarly unavailable. *Id* at 1188.  Nonetheless, the Seventh Circuit proceeded to find habeas relief unavailable to the petitioner in *Hussong*, holding that 28 U.S.C. § 2254 "does not provide a remedy for this nonconstitutional federal claim."  *Id*. at 1190.  The Seventh Circuit noted that a violation of the federal wiretap statute is neither constitutional nor jurisdictional, and, to state a claim which is cognizable on habeas, must state a claim that the petitioner's custody is "a complete miscarriage of justice" warranting exceptional relief, even if the petitioner was convicted on the basis of evidence admitted in violation of the wiretap statute.  *Id*. at 1190-91 (citations omitted).

The Seventh Circuit noted that, although the evidence obtained from an illegal wiretap may represent substantial violations of federal law, and may be tainted by procedural irregularities, the evidence is, like that often obtained in violation of search and seizure law "typically reliable and often the most probative information bearing on the guilt or innocence of the defendant."  *Id*. at 1991 (citations omitted).  "Wiretap evidence, in particular, is generally more accurate even than whatever circumstantial evidence is presented at trial."  *Id.*  The Seventh Circuit admitted that, on direct appeal, if petitioner's allegations were

correct, the evidence should have been suppressed at trial, but, the issue on federal habeas review, is whether the alleged violation resulted in "a complete miscarriage of justice" justifying habeas review." *Id*.

Thus, under *Hill* and *Lord*, this Court must make an inquiry into (1) whether Petitioner has received a full and fair hearing on his suppression claim in the state court and (2) whether there has been a complete miscarriage of justice because (a) there is reason to believe the wiretap evidence is unreliable or that (b) the petitioner is not guilty of the crime of which he has been convicted.

The first inquiry has already been affirmatively established under the *Powell* analysis undertaken, *supra*. As to the second inquiry, there is no reason to doubt the reliability of the wiretap evidence, and after a thorough review of the entire record, the Magistrate Judge finds that there is no question of petitioner's guilt. The evidence obtained through the confrontation call was corroborated through the victim's testimony at trial and through her interviews with the police, and also through the victim's admissions when confronted in person at his mother's house by his brother and sister-in-law when they first learned through Melissa of the incidents. As in *Hussong*, there is nothing in this record to indicate that the Petitioner in this case is not guilty of the crime for which he was convicted.

Petitioner's sole defense, that he was unable to achieve an erection because of steroids he was allegedly ingesting and injecting, besides being difficult to prove, was essentially dismantled by his own admission on the tape that his conduct with the victim was the result of an "uncontrollable urge." Further, his testimony that he would rather his brother thought he had sex with the victim than admit that he was unable to achieve an erection was highly implausible.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismissing Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1).

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: CV 05-146-PHX-JWS.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 1st day of May, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge